UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID ANDREW JOLLIMORE,

      Plaintiff,

v.                           Case No.  8:17-cv-383-T-27AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

      Defendant.

                                 /

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and did not employ proper legal standards, it is recommended that the Commissioner's decision be reversed and remanded.

**I.**

### A.    Procedural Background

Plaintiff filed an application for a period of disability and DIB (Tr. 300-01).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 201-05, 207-11).  Plaintiff then requested an administrative hearing (Tr. 212-13).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 74-106).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 171-90).  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council granted (Tr. 258, 191-94).  Upon review, the Appeals Council vacated the ALJ's decision and remanded the case for a new hearing and decision (Tr. 191-94).  Namely, the Appeals Council instructed the ALJ, upon remand, to give further consideration to Plaintiff's maximum residual functional capacity ("RFC"), provide

appropriate rationale with specific references to evidence of record in support of the assessed limitations, further evaluate a doctor's opinion, and obtain supplemental evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on Plaintiff's occupational base (Tr. 20, 193).

Upon remand, the ALJ again concluded that Plaintiff was not disabled (Tr. 17-36). Plaintiff again requested review from the Appeals Council, but the Appeals Council denied Plaintiff's request (Tr. 1-6, 14-16). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g).

### B.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1967, claimed disability beginning May 24, 2011 (Tr. 300). Plaintiff has a high school education (Tr. 326). Plaintiff's past relevant work experience included work as a cleaner (commercial/institutional), a grounds keeper (industrial/commercial), and a transformer repairer (Tr. 64-65, 335). Plaintiff alleged disability due to cervical spine impairment, degenerative disc disease, hypertensive cardiovascular disease, hypertension, bipolar disorder, and anxiety (Tr. 325).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2015, and had not engaged in substantial gainful activity during the period from his alleged onset date of May 24, 2011, through his date last insured of March 31, 2015 (Tr. 22-23). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: coronary artery disease (CAD); essential hypertension; disorders of the cervical spine, including disc protrusion and congenital fusion; bipolar affective disorder; attention deficit and hyperactivity disorder (ADHD); personality disorder; and panic disorder (Tr. 23). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of

impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 23). The ALJ then concluded that Plaintiff retained a RFC to perform light work, except no climbing of ladders, ropes, or scaffolds; no exposure to vibrating machinery; no more than occasional overhead reaching with the right upper extremity; jobs must be low stress and not involve assembly work and be more object-focused than team-focused and self-paced jobs; and only occasional contact with the general public and supervisors (Tr. 25). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record (Tr. 26).

Considering Plaintiff's noted impairments and the assessment of a VE, however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 29). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a cleaner/housekeeping, office helper, or photo copy machine operator (Tr. 29-30, 66). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 30).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from

anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to

the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues here that the ALJ erred by failing to afford proper weight to the medical opinions and failing to properly consider Plaintiff's subjective complaints and, further, that the Appeals Council erred by failing to properly consider new evidence submitted by Plaintiff.  For the reasons that follow, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

#### A.    Appeals Council

Plaintiff contends that the Appeals Council erred because it failed to properly consider the new evidence submitted by Plaintiff.  When a claimant appeals an ALJ's decision to the Appeals Council, "[t]he Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)(quoting 20 C.F.R. § 404.970(b)).  If

5

the Appeals Council denies review, the Appeals Council need not make specific findings of fact, but rather it need only indicate that it considered any new, material, and chronologically relevant evidence. *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 852 (11th Cir. 2017). Thereafter, in order to determine whether that new evidence renders the denial of benefits erroneous, review by a federal district court requires consideration of evidence not initially submitted to the ALJ but considered by the Appeals Council. *Ingram*, 496 F.3d at 1262.

Here, in declining to grant review, the Appeals Council stated that it considered the reasons for Plaintiff's disagreement with the ALJ's decision and the additional evidence submitted by Plaintiff (Tr. 2). Namely, the Appeals Council indicated that it considered the brief filed by Plaintiff's representative; medical records from Bay Pines VA Healthcare System for the period from April 21, 2014, to December 8, 2014; a May 2015 mental evaluation from Dr. Karl Jones; and a May 2015 mental impairment questionnaire from Dr. Jones (Tr. 2-5, 416-23, 1066-1210, 1211-16, 1217-22). In doing so, it concluded that no basis existed for changing the ALJ's decision (Tr. 2). As the Commissioner contends, the Appeals Council was not required to do more than indicate it considered the new evidence submitted by Plaintiff. *See Parks*, 783 F.3d at 852.

Notwithstanding, the Appeals Council erred in failing to the find that the new evidence from Dr. Jones provided a basis for changing the ALJ's decision. As Plaintiff argues, the evidence from Dr. Jones was new, material, and chronologically relevant, as it was created after the ALJ's decision, directly addressed Plaintiff's mental impairments and the limitations resulting from such impairments, and related to the period of disability at issue. Namely, the evidence demonstrates that Dr. Jones performed an in-person evaluation of Plaintiff, including a mental status examination, and indicates that he reviewed the medical records from the VA,

6

including the treatment records from Dr. Elzbieta Chobet-Sochet, Plaintiff's treating psychiatrist since 1999 (Tr. 1212-16). After examining Plaintiff and reviewing his treatment records, Dr. Jones concluded that Plaintiff experienced a number of marked impairments that significantly impeded useful functioning (Tr. 1215-22). Dr. Jones also detailed numerous ways in which Plaintiff's mental health impairments limited Plaintiff's ability to maintain gainful employment (Tr. 1215-22). Significantly, these findings comport with the findings made and opinions rendered by Dr. Chobet-Sochet, the only other mental health practitioner identified in the record who observed and treated Plaintiff in person (*see* Tr. 432-39, 715-22, 809-10, 862-63). The consistency of Dr. Jones's findings with Dr. Chobet-Sochet's findings is especially noteworthy because the ALJ discounted the opinion of Dr. Chobet-Sochet regarding Plaintiff's limitations and ability to perform work-related functions, while affording the opinions of the state agency medical consultants, neither of whom observed Plaintiff in person and both of whom only conducted a review of the evidence of record for periods well before the end of the alleged period of disability (Tr. 27-28). Accordingly, the case should be reversed and remanded. Upon remand, the Appeals Council should remand the action back to the ALJ with directions to consider the findings and opinion of Dr. Jones.

### B.    Medical Opinions and Subjective Complaints

Plaintiff also argues that the ALJ erred by failing to afford the proper weight to the medical opinions and improperly considered Plaintiff's subjective complaints. Namely, Plaintiff contends that the ALJ improperly afforded the opinion of Dr. Chobet-Sochet little weight and should not have relied upon the opinions of the state agency medical consultants in determining that Plaintiff was not disabled. Additionally, Plaintiff contends that the ALJ erred by making a conclusory finding that Plaintiff's condition did not worsen over time and improperly relied on observations of Plaintiff during the administrative hearings.

7

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. § 404.1527(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. § 404.1527(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. § 404.1527(c)(4). Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citation omitted). In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*).

In this instance, the ALJ explained the weight he afforded to the opinions of the state agency medical consultants and the opinions of Dr. Chobot-Sochet as follows:

> As for the opinion evidence, the undersigned affords great weight to the opinions of the State agency psychological consultants, who reviewed the record as a whole and opined that the claimant's mental impairments are severe because they cause moderate limitations in social functioning and concentration,

persistence or pace, even though they cause only mild limitations in activities of daily living (Exhibits B4A; B6A).   The opinions of the state agency psychological consultants are reliable because they provided a detailed basis for their conclusions,  which are consistent with the record as a whole.

The undersigned affords some weight to the opinion of the State agency medical consultant, who evaluated the record as a whole and opined that the claimant retains the ability to perform work at the light exertional level (Exhibit B6A). While the undersigned agrees that the claimant is not as limited as alleged and retains the ability to perform light work, the undersigned finds that the inclusion of postural, manipulative and environmental limitations are warranted to accommodate the claimant's impairments and corresponding symptoms of the record.  Moreover, the undersigned notes that the State agency medical opinion is not entirely reliable because it was rendered without the benefit of reviewing the evidence at the hearing level and observing the claimant in person.

As for the opinion evidence, the undersigned gives little weight to the treating source statement of Dr. Elzbieta Chobot-Sochet from July 1, 2011 (Exhibit B1F).  According to Dr. Chobot-Sochet, the claimant has not been gainfully employed since 2008 and his prognosis is poor regarding future employment or rehabilitation.  The undersigned gives little weight to this opinion because it is vague and does not provide an opinion as to the claimant's specific abilities or functional limitations.  As an aside, the blanket conclusion that the claimant's prognosis for work is poor is unacceptable, as the Social Security regulations explicitly state that such a conclusion [is] reserved to the Commission (20 CFR 404.1527(e) and 416.927(e)).  For these reasons, the undersigned gives little weight to this treating source statement.

Similarly, the undersigned gives little weight to the treating source statement (TSS) of Dr. Chobot-Sochet from August 17, 2011, which she reiterated as valid in 2013 (Exhibit B3F, B13F[,] B16F).  The undersigned gives little weight to this TSS for two main reasons.  The first is that the claimant's testimony indicated that he received a diagnosis of bipolar disorder in 1999 and Dr. Chobot-Sochet, who is aware of this, never offers an explanation as to how the claimant's mental impairments suddenly began to impose marked limitations and became disabling at the time of the alleged onset date.  Dr. Chobot-Sochet certainly does not suggest that any new mental or symptoms arose around or after the alleged onset date and she provided no explanation as to how [the] claimant's long-standing mental impairments became so limiting on and after that date. The second reason the undersigned gives little weight to this statement stems from observations of the claimant during the hearing.  To reiterate, nothing in the claimant's presentation at the 2013 hearing supports the conclusion that [he] has marked limitations in social functioning and concentration, persistence, or pace, as the claimant interacted appropriately with all participants in the hearing and maintained concentration.  Dr. Chobot-Sochet also speaks of the claimant experiencing numerous episodes of decompensation, but the record does not contain documentation of any such episodes that would support this

> assertion. For these reasons, the undersigned assigns little weight to this treating source statement of Dr. Chobot-Sochet.
>
> On the contrary, the undersigned gives significant weight to the opinion of Dr. Chobot-Sochet from August 26, 2013, as well as her statement from December 21, 2012 (Exhibit B12F, B14F). These statements narrowly address the question of whether the claimant's history of drug or alcohol use is material to his claim of disability.   The undersigned agrees with the general view of Dr. Chobot-Sochet that the claimant's history of substance abuse is not material to his disability claim.

(Tr. 27-28).  Given the finding in Section III.A. above, upon remand, the ALJ should reconsider the weight afforded to the opinion of Dr. Chobot-Sochet, especially in light of the findings made and opinion rendered by Dr. Jones.

Furthermore, the ALJ should also reconsider the basis for finding that Plaintiff's subjective complaints were inconsistent with the medical evidence and other evidence of record (*see* Tr. 26).  Notably, in addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. § 404.1529.  In social security disability cases, determinations regarding a plaintiff's subjective complaints fall within the province of the ALJ. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (*per curiam*).  To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see* 20 C.F.R. § 404.1529.   When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225; *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).  A reviewing

court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562 (citation omitted).

In considering a claimant's subjective complaints, an ALJ is not prohibited from considering a claimant's appearance and demeanor during the administrative hearing. *Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987). Indeed, an ALJ may consider a claimant's demeanor but may not discredit the claimant's testimony solely on that basis. *See id.* Here, on several occasions throughout the decision, the ALJ cites Plaintiff's demeanor and ability to function during the administrative hearings as a basis for discrediting Plaintiff's subjective complaints and as one of the "main reasons" for affording the opinion of Dr. Chobot-Sochet little weight (Tr. 24, 27, 28). Relying so heavily upon Plaintiff's actions or inactions at the hearing gives the impression that the ALJ engaged in what has been condemned as "sit and squirm" jurisprudence, in which an ALJ, who is not a medical expert, subjectively arrives at an index of traits he or she expects the claimant to manifest at the hearing and then denies a claim if the claimant falls short of that index. *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982). Upon remand, therefore, the ALJ should also reconsider Plaintiff's subjective complaints.

**IV.**

Accordingly, after due consideration and for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be REVERSED and the matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with the foregoing.

2. The Clerk be directed to enter final judgment in favor of Plaintiff and close the case.

11

IT IS SO REPORTED in Tampa, Florida,  on this 9th day of February, 2018.


ANTHONY E. PORCELLI
United States Magistrate Judge


## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


cc:     Hon. James D. Whittemore
        Counsel of Record